## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DONOVAN EVANS**                                                                 **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:13CV996-LRA**

**OFFICERS FORD, WRIGHT AND SHARP**                                 **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The Plaintiff Donovan Evans, *pro se,* and Lee Thaggard, counsel for Defendants (Officers Wright, Ford and Sharp), appeared for a hearing before the undersigned United States Magistrate Judge on the 24th day of October, 2013, at the Jackson Federal Courthouse. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff is currently housed at the Lauderdale County Detention Facility [LCDF] in Meridian, Mississippi, as a pretrial detainee.

Plaintiff was granted *in forma pauperis* status by this Court by Order entered March 20, 2013 [23]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The purpose of a *Spears* hearing is to "bring into focus the factual and legal bases of prisoners'

claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181).   At this hearing, Evans was granted an opportunity to fully explain in his own words the factual basis of his claims.

Certain claims (involving a 2009 arrest) were dismissed by Judge Wingate because they were not filed within the applicable statute of limitations; Sheriff James Moore was dismissed as a Defendant.  *See Memorandum Opinion and Order* filed April 17, 2013 [31].  The claims considered herein were contained in the Complaint as amended [8, 14, 26] and in the response [30] filed by Plaintiff and only involve the conditions of Plaintiff's confinement in the LCDF and the actions of Officers Ford, Wright and Sharp, the remaining Defendants.

According to his sworn testimony at the hearing, and the pleadings, Plaintiff was housed in the LCDF beginning November 8, 2012.  Defendant Officers Ford, Wright, Sharp, and an Officer Jones kept "picking on me, assaulting me with my food; didn't have no running water...".   Plaintiff testified that the other inmates also picked on him; they put paper over the window because Plaintiff was inside his cell and standing up watching TV.  That is when Officer Ford came by, and Plaintiff tried to tell her to get the paper off his door.  Officer Ford "assaulted [him] with [his] food and beverage," and then lied about what Plaintiff had done to her.  She threw his beverage in his face and kept kicking the door and "picking on" Plaintiff.  When he bent down to get his food, that is when she assaulted him with his beverage.  Officer Wright was the sergeant, and she was with Officer Ford

when the paper was on Plaintiff's door, and neither one of them would take off the paper so he could look out. Officer Wright saw Officer Ford kicking the door and assaulting him with the beverage so, "they were actually picking on me, cruel and unusual punishment; making my life sufferingness." Plaintiff testified that that was all Sergeant Wright did.

Plaintiff continued by explaining what Officer Sharp did. Officer Sharp put oatmeal on his door, covering up the holes and windows so he could not see out and nobody could see in. The oatmeal remained there for probably a week, until he was moved to another cell. Additionally, Officer Sharp kept bringing him his food; he would open Plaintiff's door and tried to get the food to him, "just picking on [him]." Plaintiff did not want to eat because they were picking on him by covering up his door with oatmeal.

Plaintiff testified that two other female officers named Jones were also involved; they kept refusing to let him have toilet paper and hygiene products every time it was passed out. He had to use his own money to get canteen items.

Plaintiff also charges that jail officials would unpack his newspaper, *The Meridian Star*, that he receives at the jail on the weekends. They would take some of his favorite sections of the paper before giving it to him. Plaintiff does not charge Defendants Ford, Wright or Sharp with this; he is uncertain who took his newspaper.

Assuming the facts as stated by the Plaintiff are accurate, the Court finds that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 or the United States Constitution. Because he was a pretrial detainee during his stay in the LCDF, Evans had a clearly established due process right to be free from punishment; this includes the right not to be subjected to jail conditions that are imposed for the purpose of punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). In order to succeed on a claim under § 1983 alleging unconstitutional jail conditions, a pretrial detainee must establish that the complained-of conditions have been imposed for a punitive purpose and that they have resulted in "serious deficiencies" in providing for his "basic human needs." *Shepherd v. Dallas County*, 591 F.3d 445, 454 (5th Cir. 2009); *Duvall v. Dallas Cnty.*, 631 F.3d 203, 206 (5th Cir. 2011) (the conditions of a pretrial detainees's detention may be so harmful or dangerous that the conditions themselves may amount to impermissible "punishment.").

Constitutional challenges may be brought by a pretrial detainee under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission." *Id.* at 452. In this case, In this case, Plaintiff's claims focus on the episodic acts of Officers Ford, Wright, and Sharp.[1] To prove a

---

[1] Determining whether to classify a claim as a conditions-of-confinement claim or an "episodic acts" claim is not always straightforward. *See, e.g., Scott v. Moore,* 114 F.3d 51, 5354 (5th Cir. 1997) (en banc) (holding that the "episodic act" branch of the doctrine governed a

violation of constitutional rights in connection with an episodic act or omission case, a detainee must establish that the defendant acted with subjective deliberate indifference. *See Hare v. City of Corinth,* 74 F.3d 633, 649 (5th Cir. 1996) (en banc). This requires that the plaintiff establish that the defendant was actually aware of a substantial risk of serious harm to an inmate's health or safety, yet consciously disregarded the risk. *Farmer v. Brennan,* 511 U.S. 825, 827 (1994).

Plaintiff testified that he did not receive any actual physical injuries due to Defendants' actions. Although he could not see for a minute after the drink hit his face, the Court finds that the conditions and actions about which he complains did not pose a substantial risk of serious harm to his health or safety. There is no constitutional prohibition against teasing or tossing a drink or kicking the doors or covering the windows of a detainee's cell. Though this behavior is not condoned, the Court cannot interfere with the day-to-day administration of the jails. Federal courts are not prison managers, and, ordinarily, courts accord great deference to the internal administrative decisions of prison officials. *Gentris v. O'Connel*, 2009 WL 5195777 (W.D. La. 2009) *citing Royal v. Clark,* 447 F.2d 501 (5th Cir. 1971); *Krist v.* Smith, 439 F.2d 146 (5th Cir. 1971); and, *Haggerty v. Wainwright,* 427 F.2d 1137 (5th Cir. 1970). The fact that Plaintiff stayed for two or three days

---

detainee's claim arising out of sexual assault by a guard); *id*. at 56 (Wisdom, J., dissenting) (the assault was traceable to "regular and systematic" staffing policies that were the "antithesis of episodic").

in the holding cell under the conditions he described also posed no serious risk of harm to him.

Accepting all of Plaintiff's testimony as accurate, the actions of Defendants Wright, Ford, and Sharp simply do not rise to the level of constitutional violations. The Court, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Evans's claims have no basis either in law or in fact and, therefore, are frivolous[2] and fail to state a claim on which relief may be granted. are insufficient in law to state a cause of action under §1983. For these reasons, this action shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii). Final Judgment in favor of Defendants shall be entered.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice. A separate Final Judgment in favor of Defendants shall be entered on this date.

THIS the 7th day of April, 2014.

             S/ Linda R. Anderson
          UNITED STATES MAGISTRATE JUDGE

---

[2] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).